IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE WASHINGTON,

    Plaintiff,

Case No.: 12-cv-11911
Hon. Patrick J. Duggan

v.

CAMBRIDGE EAST,

    Defendant.

---

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On April 27, 2012, Plaintiff Michelle Washington initiated this action, proceeding *pro se*, by filing a complaint with this Court. Plaintiff seeks to state a cause of action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), charging that Defendant Cambridge East Nursing Center discriminated against her with respect to work assignments. Presently before the Court is Defendant's Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court determined that oral argument would not significantly aid the decisional process and issued a notice informing the parties that it was dispensing with oral argument pursuant to Local Rule 7.1(e)(2). After reviewing the relevant pleadings filed by both parties, the Court grants Defendant's Motion to Dismiss for the reasons stated herein.

    **I.**    **Factual and Procedural Background**

1

Plaintiff, an LPN with ten years of experience, works or worked for Defendant as a part-time nurse.[1] Def.'s Br., 1; Pl.'s Resp., 3. Plaintiff contends that after she accepted particular shifts, the person in charge of scheduling matters would remove her from the schedule and give her shifts to a nurse, albeit an RN, with less seniority. Compl., 2. Moreover, when Plaintiff retained her shifts, she "would have the worst assignment with the most patients." *Id.* at 2. Although Plaintiff "did attempt . . . to try to talk to someone . . . to maintain steady employment," Plaintiff's efforts were to no avail. *Id.* Accordingly, on April 27, 2012, Plaintiff filed this action, proceeding *pro se*, alleging she "was targeted for unfair treatment." Compl., 2. While the Complaint itself makes no reference to Title VII, the Civil Cover Sheet accompanying the Complaint indicates that Plaintiff seeks to state a claim under Title VII, describing the cause of action as a "charge of discrimination denied assignments." *Id.* at 3.

## II.  Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) allows the Court to make an assessment as to whether Plaintiff's pleadings state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007), the Court must construe the complaint in favor of the plaintiff and determine whether plaintiff's factual allegations present claims plausible on their face. This standard requires a claimant to put forth

---

[1] Defendant characterizes Plaintiff as a "former employee." Def.'s Mot., ¶ 1. However, Plaintiff contests this characterization, asserting that "[there] is no document to support that I am a former employee." Pl.'s Resp., 2.

"enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claim(s). *Id.* 550 U.S. at 557, 127 S. Ct. at 1965. Even though the complaint need not contain "detailed" factual allegations, the "factual allegations must be enough to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

In determining whether a plaintiff has set forth a "claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974), courts must accept the factual allegations in the complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. This presumption, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of [a legal transgression], the complaint has

3

alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted). In conducting its analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (reaffirming rule of more liberal construction with pro se complaints less than two weeks after issuing *Twombly*). The leniency with which courts construe pro se plaintiffs' complaints, however, does not abrogate the basic pleading requirements designed to ensure that courts do "not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Pro se plaintiffs still must provide more than bare assertions of legal conclusions to survive a motion to dismiss. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). However, because deficiencies in a pro se plaintiff's complaint are likely attributable to a lack of training, "courts typically permit the losing party leave to amend[,]" even in the absence of a specific request by the non-moving party. *Brown v. Matauszak*, No. 09-2259, 415 F. App'x 608, 614-615 (6th Cir. Jan. 31, 2011) (unpublished) (McKeague, J.) (quotation omitted).

### III. Discussion

Liberally construing Plaintiff's pro se Complaint and reading it in tandem with Plaintiff's Response, the Court finds that Plaintiff seeks to state a claim for impermissible employment discrimination under Title VII. Defendant contends that this action is subject to dismissal because Plaintiff fails to state a cause of action under state or federal law. Specifically, Defendant argues that "Plaintiff does not allege that she was subjected to the unfair treatment because of her membership in a protected class, or that the treatment constitutes a breach of a purported employment agreement." *See* Def.'s Br., 1. The Court agrees.

A plaintiff seeking to make a claim pursuant to Title VII must comply with Federal Rule of Civil Procedure Rule 8(a), under which all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Despite the liberal notice pleading requirements and the liberal perspective in which pro se complaints are generally interpreted, Plaintiff's Complaint does not satisfy the minimal pleading requirements of Rule 8.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, *because of* such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). While the statute affords protection for a broad class of individuals, Plaintiff does not identify a single class within which she seeks protection. Notwithstanding Plaintiff's allegations of discrimination, *see. e.g.*, Plaintiff's Response, 2, the Court cannot discern on what basis Plaintiff is claiming discrimination. In other

5

words, the Court does not have enough information to determine whether Plaintiff is claiming discrimination because of her race, color, religion, sex, or national origin.

Similarly, while the Complaint alludes to an adverse employment action, it is devoid of any facts setting forth a basis for relief under Title VII. Plaintiff contends that a less senior nurse "was always chosen" for assignments and replaced Plaintiff on the schedule. *See* Compl., 1; *see generally* 1-13 Lex K. Larson, *Larson on Employment Discrimination* § 13.02 (2d ed. 2012) ("Discrimination can occur either as to the number of hours assigned or as to the particular time or shift assigned."). Although Plaintiff feels aggrieved by Defendant, unfair treatment in and of itself is not prohibited by federal law. Rather, it is unfair employment practices – practices "*because of* race, color, religion, sex, or national origin" – that Title VII prohibits. 42 U.S.C. § 2000e-2(a)(1) (emphasis added).

The Court is unable to discern any factual basis for the claim in the pleadings and despite Plaintiff's assertions that Defendant violated Title VII, *see* Plaintiff's Response at 2, such conclusory legal assertions are not entitled to a presumption of truth, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (explaining that a complaint does not "suffice if it tenders 'naked assertions' devoid of further factual enhancement" (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966)). Even assuming, as the Court is required to, that all allegations in the Complaint are true, Plaintiff has not alleged any facts which trigger the violation of a federal statute and has not, therefore, stated a claim upon which relief may be granted. *Cf. Aaron v. Bob Evans Rest.*, 477 F. Supp. 2d 853 (N.D. Ohio 2007) (dismissing complaint for failing to allege facts showing plaintiff was a victim of unfair employment

practices prohibited by Title VII). As such, the Court grants Defendant's Motion to Dismiss, however, it does so without prejudice to Plaintiff's opportunity to file an amended complaint.[2]

### IV. Conclusion and Order

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. If Plaintiff would like to file an amended complaint, it must comply with Federal Rule of Civil Procedure Rule 8.

**IT IS SO ORDERED.**

Dated: October 30, 2012    s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
**Michelle Washington**
16865 Baltimore
Detroit, MI 48235
313-879-7300

**Michael A. Little, Esq.
Richard M. Tuyn, Esq.**

---

[2] WHEN CONSIDERING WHETHER TO FILE AN AMENDED COMPLAINT, PLAINTIFF SHOULD NOTE THAT ANY CLAIM OF DISCRIMINATION UNDER TITLE VII MUST BE FIRST FILED WITH THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC"). 42 U.S.C. § 2000e-5(f)(1). The discrimination charge must be filed with the EEOC within 300 days from the day of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1). After filing, Plaintiff must also wait to receive a "right-to-sue letter" from the EEOC before filing in federal court. *See E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999) (individual may not file suit under Title VII without a right to sue letter from the EEOC). Plaintiff has ninety days to file suit in federal court after receiving the right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also Fritz v. FinancialEdge Cmty. Credit Union*, 835 F. Supp. 2d 377, 383 (E.D. Mich. 2011).